1

2

3

4

5

6

7                                      UNITED STATES DISTRICT COURT

8                                      EASTERN DISTRICT OF CALIFORNIA

9

10    RONALD J. CARROLL,                    )        1:06-cv-00227-AWI-SMS-PC
                                            )
11            Plaintiff,                     )       FINDINGS AND RECOMMENDATION
                                            )        TO DISMISS CASE FOR FAILURE TO
12        v.                                )        OBEY A COURT ORDER
                                            )
13    WIMBISH, et al.,                       )       (DOCUMENT #12.)
                                            )
14            Defendants.                    )       OBJECTIONS, IF ANY, DUE IN THIRTY
                                            )        DAYS
15    _____ )

16            Plaintiff Ronald J. Caroll ("plaintiff") is a civil detainee proceeding pro se in a civil rights

17    action pursuant to 42 U.S.C. § 1983.  On August 4, 2008, the court issued an order requiring plaintiff

18    to file an amended complaint within thirty days from the date of service of the order.  (Doc. 12.)  More

19    than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's

20    order.[1]

21            Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

22    Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

23    all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

24    control their dockets and "in the exercise of that power, they may impose sanctions including, where

25    appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

26    _____

27        [1] The United States Postal Service returned the order on August 2, 2008 as undeliverable.  A notation on the
      envelope indicates "Attempted not known. RTS-no such name."  However, plaintiff has not notified the court of any change
28    in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 83-182(f).

1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 28, 2006.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to submit an application to proceed in forma pauperis expressly stated: "If plaintiff fails to comply with this order, this action will be dismissed for failure to obey and court order and failure to state a claim."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

1      Moreover, as a result of plaintiff's failure to file an amended complaint, there is no pleading

2 on file which sets forth any claims upon which relief may be granted under section 1983.

3      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

4 plaintiff's failure to obey the court's order of August 4, 2008, and for failure to state a claim upon

5 which relief may be granted under section 1983.

6      These Findings and Recommendations are submitted to the United States District

7 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty

8 (30) days after being served with these Findings and Recommendations, plaintiff may file written

9 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

12 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:**   **September 18, 2008**                 **/s/ Sandra M. Snyder**
                                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28